DAVID ELDER (SBN 171510)
delder@housingrightscenter.org
JOEL MARRERO (SBN 275601)
TERI YIN (SBN 240471)
3255 Wilshire Boulevard, Suite 1150
Los Angeles, CA  90010
Tel.:   (213) 387-8400 x1116
Fax:   (213) 381-8555

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CARMEN COLLAZO, an individual, | ) Case No.:  CV16-01470-BRO(PJWx) |
| | ) |
| Plaintiff, | ) Assigned to Courtroom: 14 |
| | ) The Hon. Beverly Reid O'Connell |
| vs. | ) |
| | ) **JOINT STIPULATION RE** |
| ROBERT BRADLEY and DIANE | ) **PROTECTIVE ORDER** |
| BRADLEY, as trustees of the ROBERT & | ) |
| DIANE BRADLEY TRUST, | ) Action Commenced: 03/02/2016 |
| | ) Trial Date:  Not Set |
| Defendants. | ) Discovery Cut-Off:  Not Set |
| | ) Law & Motion Cut-Off:  Not Set |

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends

1   only to the limited information or items that are entitled to confidential treatment

2   under the applicable legal principles. The parties further acknowledge, as set forth

3   in Section 12.3, below, that this Stipulated Protective Order does not entitle them

4   to file confidential information under seal; Civil Local Rule 79-5 sets forth the

5   procedures that must be followed and the standards that will be applied when a

6   party seeks permission from the court to file material under seal.

7        B.    GOOD CAUSE STATEMENT

8        This action is likely to involve Plaintiff's personal health or medical

9   information and history for which special protection from public disclosure and/or

10  use for any purpose other than prosecution of this action is warranted.  The Parties

11  seek to designate as Confidential Information the financial and personal health or

12  medical information pertaining to the Parties, including bank statements, earnings

13  statements, medical records, and other information otherwise generally unavailable

14  to the public, or which may be privileged or otherwise protected from disclosure

15  under state or federal statutes, court rules, case decisions, or common law.  Public

16  disclosure of such information, if this Protective Order is not granted, would

17  unnecessarily violate the Parties' privacy rights.

18       Accordingly, to expedite the flow of information, to facilitate the prompt

19  resolution of disputes over confidentiality of discovery materials, to adequately

20  protect information the parties are entitled to keep confidential, to ensure that the

21  parties are permitted reasonable necessary uses of such material in preparation for

22  and in the conduct of trial, to address their handling at the end of the litigation, and

23  serve the ends of justice, a protective order for such information is justified in this

24  matter. It is the intent of the parties that information will not be designated as

25  confidential for tactical reasons and that nothing be so designated without a good

26  faith belief that it has been maintained in a confidential, non-public manner, and

27  there is good cause why it should not be part of the public record of this case.

28  ///

2.      DEFINITIONS

     2.1.    Action:  Carmen Collazo v. Robert Bradley et al., CV16-01470-BRO-PJW

     2.2.    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

     2.3.    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

     2.4.    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

     2.5.    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

     2.6.    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

     2.7.    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

     2.8.    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

     2.9.    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

     2.10.   Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action

JOINT STPULATION RE PROTECTIVE ORDER

1  and have appeared in this Action on behalf of that party or are affiliated with a law

2  firm which has appeared on behalf of that party, and includes support staff.

3       2.11.  Party: any party to this Action, including all of its officers, directors,

4  employees, consultants, retained experts, and Outside Counsel of Record (and their

5  support staffs).

6       2.12.  Producing Party:  a Party or Non-Party that produces Disclosure or

7  Discovery Material in this Action.

8       2.13.  Professional Vendors:  persons or entities that provide litigation

9  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

10  demonstrations, and organizing, storing, or retrieving data in any form or medium)

11  and their employees and subcontractors.

12       2.14.  Protected Material:  any Disclosure or Discovery Material that is

13  designated as "CONFIDENTIAL."

14       2.15.  Receiving Party:  a Party that receives Disclosure or Discovery

15  Material from a Producing Party.

16  3.     SCOPE

17       The protections conferred by this Stipulation and Order cover not only

18  Protected Material (as defined above), but also (1) any information copied or

19  extracted from Protected Material; (2) all copies, excerpts, summaries, or

20  compilations of Protected Material; and (3) any testimony, conversations, or

21  presentations by Parties or their Counsel that might reveal Protected Material.

22       Any use of Protected Material at trial shall be governed by the orders of the

23  trial judge. This Order does not govern the use of Protected Material at trial.

24  4.     DURATION

25       Even after final disposition of this litigation, the confidentiality obligations

26  imposed by this Order shall remain in effect until a Designating Party agrees

27  otherwise in writing or a court order otherwise directs. Final disposition shall be

28  deemed to be the later of (1) dismissal of all claims and defenses in this Action,

JOINT STPULATION RE PROTECTIVE ORDER

1  with or without prejudice; and (2) final judgment herein after the completion and

2  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

3  including the time limits for filing any motions or applications for extension of

4  time pursuant to applicable law.

5  5.  DESIGNATING PROTECTED MATERIAL

6  5.1.  Exercise of Restraint and Care in Designating Material for Protection.

7  Each Party or Non-Party that designates information or items for protection under

8  this Order must take care to limit any such designation to specific material that

9  qualifies under the appropriate standards.  The Designating Party must designate

10  for protection only those parts of material, documents, items, or oral or written

11  communications that qualify so that other portions of the material, documents,

12  items, or communications for which protection is not warranted are not swept

13  unjustifiably within the ambit of this Order.

14  Mass, indiscriminate, or routinized designations are prohibited. Designations

15  that are shown to be clearly unjustified or that have been made for an improper

16  purpose (e.g., to unnecessarily encumber the case development process or to

17  impose unnecessary expenses and burdens on other parties) may expose the

18  Designating Party to sanctions.

19  If it comes to a Designating Party's attention that information or items that it

20  designated for protection do not qualify for protection, that Designating Party must

21  promptly notify all other Parties that it is withdrawing the inapplicable designation.

22  5.2.  Manner and Timing of Designations.  Except as otherwise provided in

23  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

24  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

25  under this Order must be clearly so designated before the material is disclosed or

26  produced.

27  ///

28  ///

JOINT STPULATION RE PROTECTIVE ORDER

1   Designation in conformity with this Order requires:

2   (a)   for information in documentary form (e.g., paper or electronic

3   documents, but excluding transcripts of depositions or other pretrial or trial

4   proceedings), that the Producing Party affix at a minimum, the legend

5   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

6   contains protected material. If only a portion or portions of the material on a page

7   qualifies for protection, the Producing Party also must clearly identify the

8   protected portion(s) (e.g., by making appropriate markings in the margins).

9   A Party or Non-Party that makes original documents available for inspection

10  need not designate them for protection until after the inspecting Party has indicated

11  which documents it would like copied and produced. During the inspection and

12  before the designation, all of the material made available for inspection shall be

13  deemed "CONFIDENTIAL."  After the inspecting Party has identified the

14  documents it wants copied and produced, the Producing Party must determine

15  which documents, or portions thereof, qualify for protection under this Order.

16  Then, before producing the specified documents, the Producing Party must affix

17  the "CONFIDENTIAL legend" to each page that contains Protected Material. If

18  only a portion or portions of the material on a page qualifies for protection, the

19  Producing Party also must clearly identify the protected portion(s) (e.g., by making

20  appropriate markings in the margins).

21  (b)   for testimony given in depositions that the Designating Party identify

22  the Disclosure or Discovery Material on the record, before the close of the

23  deposition all protected testimony.

24  (c)   for information produced in some form other than documentary and

25  for any other tangible items, that the Producing Party affix in a prominent place on

26  the exterior of the container or containers in which the information is stored the

27  legend "CONFIDENTIAL." If only a portion or portions of the information

28

JOINT STPULATION RE PROTECTIVE ORDER

1   warrants protection, the Producing Party, to the extent practicable, shall identify

2   the protected portion(s).

3       5.3.    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

4   failure to designate qualified information or items does not, standing alone, waive

5   the Designating Party's right to secure protection under this Order for such

6   material. Upon timely correction of a designation, the Receiving Party must make

7   reasonable efforts to assure that the material is treated in accordance with the

8   provisions of this Order.

9   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

10      6.1.    Timing of Challenges.  Any Party or Non-Party may challenge a

11  designation of confidentiality at any time that is consistent with the Court's

12  Scheduling Order.

13      6.2.    Meet and Confer.  The Challenging Party shall initiate the dispute

14  resolution process under Local Rule 37.1 et seq.

15      6.3.    The burden of persuasion in any such challenge proceeding shall be

16  on the Designating Party. Frivolous challenges, and those made for an improper

17  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

18  parties) may expose the Challenging Party to sanctions. Unless the Designating

19  Party has waived or withdrawn the confidentiality designation, all parties shall

20  continue to afford the material in question the level of protection to which it is

21  entitled under the Producing Party's designation until the Court rules on the

22  challenge.

23  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

24      7.1.    Basic Principles.  A Receiving Party may use Protected Material that

25  is disclosed or produced by another Party or by a Non-Party in connection with this

26  Action only for prosecuting, defending, or attempting to settle this Action. Such

27  Protected Material may be disclosed only to the categories of persons and under

28  the conditions described in this Order. When the Action has been terminated, a

-7-

1  Receiving Party must comply with the provisions of section 13 below (FINAL

2  DISPOSITION).

3        Protected Material must be stored and maintained by a Receiving Party at a

4  location and in a secure manner that ensures that access is limited to the persons

5  authorized under this Order.

6        7.2.   Disclosure of "CONFIDENTIAL" Information or Items.  Unless

7  otherwise ordered by the court or permitted in writing by the Designating Party, a

8  Receiving Party may disclose any information or item designated

9  "CONFIDENTIAL" only to:

10        (a)    The Receiving Party's Outside Counsel of Record in this Action, as

11  well as employees of said Outside Counsel of Record to whom it is reasonably

12  necessary to disclose the information for this Action;

13        (b)    the officers, directors, and employees (including House Counsel) of

14  the Receiving Party to whom disclosure is reasonably necessary for this Action;

15        (c)    Experts (as defined in this Order) of the Receiving Party to whom

16  disclosure is reasonably necessary for this Action and who have signed the

17  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18        (d)    the court and its personnel;

19        (e)    court reporters and their staff;

20        (f)    professional jury or trial consultants, mock jurors, and Professional

21  Vendors to whom disclosure is reasonably necessary for this Action and who have

22  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23        (g)    the author or recipient of a document containing the information or a

24  custodian or other person who otherwise possessed or knew the information;

25        (h)    during their depositions, witnesses, and attorneys for witnesses, in the

26  Action to whom disclosure is reasonably necessary provided: (1) the deposing

27  party requests that the witness sign the form attached as Exhibit 1 hereto; and (2)

28  they will not be permitted to keep any confidential information unless they sign the

-8-

1    "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

2    agreed by the Designating Party or ordered by the court. Pages of transcribed

3    deposition testimony or exhibits to depositions that reveal Protected Material may

4    be separately bound by the court reporter and may not be disclosed to anyone

5    except as permitted under this Stipulated Protective Order; and

6          (i)      any mediator or settlement officer, and their supporting personnel,

7    mutually agreed upon by any of the parties engaged in settlement discussions.

8    8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

9          IN OTHER LITIGATION

10         If a Party is served with a subpoena or a court order issued in other litigation

11   that compels disclosure of any information or items designated in this Action as

12   "CONFIDENTIAL," that Party must:

13         (a)      promptly notify in writing the Designating Party. Such notification

14   shall include a copy of the subpoena or court order;

15         (b)      promptly notify in writing the party who caused the subpoena or order

16   to issue in the other litigation that some or all of the material covered by the

17   subpoena or order is subject to this Protective Order. Such notification shall

18   include a copy of this Stipulated Protective Order; and

19         (c)      cooperate with respect to all reasonable procedures sought to be

20   pursued by the Designating Party whose Protected Material may be affected.

21         If the Designating Party timely seeks a protective order, the Party served

22   with the subpoena or court order shall not produce any information designated in

23   this action as "CONFIDENTIAL" before a determination by the court from which

24   the subpoena or order issued, unless the Party has obtained the Designating Party's

25   permission. The Designating Party shall bear the burden and expense of seeking

26   protection in that court of its confidential material and nothing in these provisions

27   should be construed as authorizing or encouraging a Receiving Party in this Action

28   to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

///

JOINT STPULATION RE PROTECTIVE ORDER

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    <u>MISCELLANEOUS</u>

12.1.   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in

JOINT STPULATION RE PROTECTIVE ORDER

1    this Stipulated Protective Order. Similarly, no Party waives any right to object on

2    any ground to use in evidence of any of the material covered by this Protective

3    Order.

4        12.3.  Filing Protected Material. A Party that seeks to file under seal any

5    Protected Material must comply with Civil Local Rule 79-5. Protected Material

6    may only be filed under seal pursuant to a court order authorizing the sealing of the

7    specific Protected Material at issue. If a Party's request to file Protected Material

8    under seal is denied by the court, then the Receiving Party may file the information

9    in the public record unless otherwise instructed by the court.

10   13.    FINAL DISPOSITION

11       After the final disposition of this Action, as defined in paragraph 4, within

12   60 days of a written request by the Designating Party, each Receiving Party must

13   return all Protected Material to the Producing Party or destroy such material. As

14   used in this subdivision, "all Protected Material" includes all copies, abstracts,

15   compilations, summaries, and any other format reproducing or capturing any of the

16   Protected Material. Whether the Protected Material is returned or destroyed, the

17   Receiving Party must submit a written certification to the Producing Party (and, if

18   not the same person or entity, to the Designating Party) by the 60 day deadline that

19   (1) identifies (by category, where appropriate) all the Protected Material that was

20   returned or destroyed and (2)affirms that the Receiving Party has not retained any

21   copies, abstracts, compilations, summaries or any other format reproducing or

22   capturing any of the Protected Material. Notwithstanding this provision, Counsel

23   are entitled to retain an archival copy of all pleadings, motion papers, trial,

24   deposition, and hearing transcripts, legal memoranda, correspondence, deposition

25   and trial exhibits, expert reports, attorney work product, and consultant and expert

26   work product, even if such materials contain Protected Material. Any such archival

27   copies that contain or constitute Protected Material remain subject to this

28   Protective Order as set forth in Section 4 (DURATION).

JOINT STPULATION RE PROTECTIVE ORDER

14.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD. DATED:**

Dated:  June 29, 2016                           Respectfully Submitted,

                                                JOEL MARRERO
                                                Attorney for Plaintiff(s)

Dated:  June 29, 2016                           VEATCH CARLSON, LLP

                                                          /s/
                                                RICHARD P. DIEFFENBACH
                                                Attorneys for Defendant(s)

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED. DATED**:

Dated:  June 30, 2016

                                                Honorable Patrick J. Walsh
                                                United States Magistrate Judge

*(Per local 5-4.3.4 the filer attests that all signatories have concurred in the filing's contents and have authorized the filing)

JOINT STPULATION RE PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [**insert formal name of the case and The number and initials assigned to it by the court**]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Dated:

City and State where sworn and signed:   City and State where sworn and signed

_____          _____
Print Name                                          Signature

-14-
JOINT STPULATION RE PROTECTIVE ORDER